IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, Inmate #N-97521, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> RONALD E. WALKER, JR., and the ) <br> ILLINOIS PRISONER REVIEW BOARD, ) <br> ) <br> Respondents. ) | CIVIL NO. 07-035-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the Tamms Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this petition, he seeks restoration of more than 11 years of good conduct credit.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent Ronald E. Walker, Jr., the director of the Illinois Department of Corrections,[1] and also the Illinois Prisoner Review Board, but the only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of*

---

[1] The Director's name actually is ROGER E. Walker, Jr. (not Ronald).

*Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner is incarcerated at Tamms, the only proper respondent is Warden Jay Merchant. Accordingly, **MERCHANT** is **SUBSTITUTED** for **WALKER** as sole respondent in this action. **WALKER** and the **ILLINOIS PRISONER REVIEW BOARD** are each **DISMISSED** as a party to this action.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   March 6, 2007.**

/s/   David   RHerndon
**DISTRICT JUDGE**