IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WILLIAMS,               )
                                )
            Petitioner,          )
                                )
v.                              )          Civil No. **07-035-DRH**
                                )
KEN BARTLEY,[1]                 )
                                )
            Respondent.         )

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Michael Williams is an inmate in the custody of the Illinois Department of Corrections. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the revocation of statutory good conduct credits. Respondent has filed a Response. **(Doc. 11)**. Petitioner filed a reply. **(Doc. 13).**

Williams is serving an aggregate sentence of 44 years as a result of convictions for murder, possession of a weapon in a correctional institution, and assault.[2] According to his petition, his custody date in the IDOC is March 17, 1994. Between that date and May 15, 2000,

---

[1]Ken Bartley is the current warden of Tamms Correctional Center. As he has custody of petitioner, he is substituted as respondent pursuant to Fed.R.Civ.P. 25(d) and Rule 2 of the Rules Governing Section 2254 Cases.

[2]Respondent states that Williams is serving an aggregate sentence of 50 years. (Doc. 11, p. 1). In his reply, Williams says his aggregate sentence is only 44 years. In a brief he filed in the Illinois Supreme Court, he explains that he was serving an aggregate sentence of 50 years, but one of his convictions was vacated in January, 2005. See, Doc. 11, Ex. M. The point makes no difference to the resolution of this matter. According to petitioner's reply, his projected release date is January 27, 2016. See, Doc. 13, p.2. According to the IDOC website, his projected parole date is April 27, 2028. (www.idoc.state.il.us; accessed on December 5, 2008).

Williams was issued a number of disciplinary tickets which have resulted in the loss of good conduct credits. He alleges that good conduct credits totaling seventeen years and five months were revoked in that period. Illinois prisoners like Williams receive one day's credit for each day served in prison. Thus, petitioner argues, he earned at most six years and two months credit from March 17, 1994, through May 15, 2000. In revoking more than seventeen years of credit, the IDOC has therefore revoked good conduct credits before they have been earned. Williams believes that revoking good conduct credits before they are earned violates due process. **Doc. 1, ¶¶21-25**.

Williams has filed two lawsuits in state court challenging the revocation of his good conduct credits. The first suit was filed in Sangamon County in 2001. That case was dismissed by the trial court, and the Fourth District Appellate Court affirmed in a Rule 23 Order on May 19, 2003. (Doc. 11, Ex. L). The Supreme Court denied leave to appeal. *Williams v. Illinois Prison Review Board*, 803 N.E.2d 503 (Ill. 2003) (table).

Petitioner filed his second state court petition on February 24, 2004, in Alexander County. See, Doc. 11, ex. B. The court granted defendants' motions to dismiss on May 5, 2004, and July 13, 2004. (Doc. 11, Exs. G & H). Williams appealed. On appeal, defendants raised the issue of res judicata for the first time, arguing that the Alexander County case was barred by the earlier Sangamon County case. The Fifth District Appellate Court affirmed the dismissal in a Rule 23 Order dated December 5, 2005. (Doc. 11, Ex. A). The Appellate Court held that the Alexander County suit was barred by res judicata. In so doing, the Appellate Court noted that it could affirm the dismissal on any ground supported by the record, regardless of the reason for the decision of the trial court. The court also noted that it had the power to take judicial notice of matters of public records contained in the files of other courts, i.e., the pleadings filed in the Sangamon County case. Williams filed a petition for leave to appeal in which he argued that it

was error to permit defendants to raise res judicata for the first time on appeal. However, he did not cite any federal cases to support that argument and did not argue that any constitutional right was implicated. He also argued that, based on construction of the applicable Illinois statues, good conduct credits could not be revoked before they were earned. Again, he did not raise a constitutional argument with regard to that point. Doc. 11, Ex. M.

The grounds asserted for habeas relief are as follows:

1.  The Appellate Court's decision to allow defendants to raise res judicata for the first time on appeal is contrary to federal law, United States Supreme Court precedent, and Illinois Supreme Court precedent.

2.  The revocation of good conduct credit before it is earned violated due process because the applicable Illinois statutes mandate that credit can only be revoked after it has been earned and accumulated.

## Applicable Law

**28 U.S.C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Habeas is not the equivalent of another round of appellate review of the state proceedings. Federal courts do not review state court determinations of state law questions on habeas review. *Estelle v. McGuire*, **502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);** *Bloyer v. Peters*, **5 F.3d 1093, 1098 (7th Cir. 1993).**

Illinois prisoners are entitled to statutory good conduct credit pursuant to 730 ILCS 5/3-6-3. With the exception of inmates who are serving sentences for certain crimes, not

applicable here, inmates generally receive one day of good conduct credit for each day of their sentences of imprisonment. 730 ILCS 5/3-6-3(a)(2).

<u>**Analysis**</u>

Respondent argues that this court cannot consider either of petitioner's grounds because they raise only issues of state law. This court agrees.

The Fifth District's decision to allow defendants to raise res judicata on appeal did not refer to any federal law, which is not surprising. Petitioner contends that the Fifth District's opinion was an unreasonable applicable of Supreme Court precedent. He cites ***Huffman v. Pursue, Ltd.***, **420 U.S. 592, 95 S.Ct. 1200 (1975)** and ***Sosna v. Iowa***, **419 U.S. 393, 95 S.Ct. 553 (1975)**. Neither of those cases hold that the Constitution prohibits a state court from considering a defense raised for the first time on appeal. Petitioner has not cited any Supreme Court case which so holds, and this court's independent research has not located such a case. Petitioner also cites Seventh Circuit cases such as ***Crowder v. Lash***, **687 F.2d 996 (7th Cir. 1982)**, but those cases rely on federal procedural law, and not on constitutional principles. Federal procedural law is, of course, not applicable in state court. Whether or not the state court was correct in allowing defendants to raise res judicata on appeal is a question of state law, which this court cannot address.

Petitioner's second point is also not cognizable because it does not raise a federal constitutional point. First, no federal constitutional point was presented to the state court for a full round of consideration. The claim that was presented to the state court was based on the construction of the state statute dealing with good conduct credit. Therefore, a constitutional point (if one exists) is procedurally defaulted and cannot be raised here. "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel***, **526 U.S. 838, 842 (1999).** A habeas petitioner must "fairly present" his

federal constitutional claim to the state court for one full round of review.  ***Verdin v. O'Leary***, **972 F.2d 1467, 1472-73 (7th Cir. 1992); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)**.  Fair presentment requires that the point be presented as a matter of *federal constitutional law* at each stage of the state proceedings.  ***Harding v. Sternes*, 380 F.3d 1034, 1046 (7th Cir. 2004).**

In addition, petitioner has not adequately raised a constitutional issue in this court.  Petitioner's argument in this court is based only on an interpretation of state statutes, which does not give rise to grounds for habeas relief.

Williams correctly points out that he has due process rights in connection with the revocation of good conduct credits.  It is true that, in proceedings to revoke good conduct credits, inmates are entitled to (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision.  ***Wolff*, 418 U.S. 563-567, 94 S.Ct 2978-2980**; ***Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).**  However, petitioner is not claiming in this court that he was deprived of the *Wolff* due process requirements.  *Wolff* does not speak to the point at issue here, i.e., whether due process prohibits the IDOC from crediting an inmate's good conduct credits prospectively at the beginning of his sentence.

A vague claim that due process is violated by the IDOC's practice does not suffice to raise a constitutional issue.  Merely invoking the phrase "due process" in insufficient to present a constitutional point; "the words 'due process' are not an argument."  ***Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995)**.

Petitioner has not presented any authority for the proposition that the due process clause, or any other constitutional provision, prohibits the IDOC from prospectively crediting an

inmate's good conduct credits at the beginning of the sentence. This court's independent research has not revealed any such authority. Once the credits are properly assessed to the inmate, it follows that no constitutional provision prohibits the IDOC from revoking those credits, so long as the ***Wolff*** due process requirements are met. In any event, no constitutional argument was presented to the state court, which precludes consideration of the issue here.

In sum, petitioner has not identified any constitutional issue in connection with the revocation of his good conduct credits. He did not present a constitutional point in state court, and he has not presented a constitutional point in this court. State law arguments cannot support habeas relief. ***Estelle v. McGuire***, **502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);** ***Bloyer v. Peters***, **5 F.3d 1093, 1098 (7th Cir. 1993).**

**<u>Recommendation</u>**

For the foregoing reasons, this Court recommends that Michael Williams' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **December 29, 2008.**

**Submitted:  December 8, 2008.**


**<u>s/ Clifford J. Proud</u>**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**