IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL WILLIAMS,**

    **Petitioner,**

**v.**

**YOLANDE JOHNSON,**[1]

    **Respondent.**　　　　　　　　　　　　**Case No. 07-cv-35-DRH**

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a Report and Recommendation ("R&R") (Doc. 15), by United States Magistrate Judge Proud, issued pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that the § 2254 Habeas Petition (Doc. 1) filed by petitioner Michael Williams be denied. The R&R was sent to the Parties, with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the R&R. In accordance with the notice, Petitioner has filed timely objections to the R&R (Doc. 16). Because timely objections have been filed, this

---

[1] Yolande Johnson is currently the Warden of Tamms Correctional Center and is thereby substituted as Respondent in this matter, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and **FEDERAL RULE OF CIVIL PROCEDURE** 25(d)(1). **See Rumsfeld v. Padilla**, **542 U.S. 426, 435 (2004)**.

Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b); Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. ***Id***. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**. For the reasons discussed herein, the Court adopts the findings of the R&R with the exception of one factual misstatement, which it vacates.

## II. Background

Petitioner Michael Williams is currently an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently housed at Tamms Correctional Center. From the record, it appears that between March 1994 and May 2000, Petitioner had over 17 years of his good conduct credits[2] revoked for a variety of disciplinary infractions. Believing that during this time he only earned, at most, six years and two months of good conduct credits, Petitioner argues that the revocation of his good conduct credits not yet earned was in violation of his due

---

[2] IDOC inmates generally receive good conduct credits pursuant to **730 ILL. COMP. STAT. 5/3-6-3(a)**. The amount of credits received vary depending on the crime. However, in this case, it appears Petitioner received one day of good conduct credit for each day of his sentence of imprisonment, whereby each day of good conduct credit reduces the sentence by one day.

process rights.

Petitioner first filed a *pro se* mandamus action with the Circuit Court of Sangamon County, Illinois in 2001, alleging as much and seeking that the Prisoner Review Board ("PRB") review the revocations in a manner that complied with the due process requirements set forth in **Wolff v. McDonnell, 418 U.S. 539 (1974)**. The circuit court granted the defendants' motion to dismiss, which was later affirmed by the Fourth District Appellate Court on appeal in a Rule 23 Order (Doc. 11, Ex. L). The Illinois Supreme Court denied leave to appeal.

Petitioner next filed a complaint with the Circuit Court of Alexander County, Illinois in 2004, seeking mandamus relief, a declaratory judgment, a writ of certiorari, and injunctive relief against the defendants, asserting that they had improperly revoked more than 17 years' worth of his good conduct credits before he had the opportunity to properly accrue it. The circuit court granted the defendants' motion to dismiss. Petitioner appealed the dismissal of his second suit to the Fifth District Appellate Court. In its Rule 23 Order, the Fifth District affirmed the dismissal on the grounds that Petitioner's Alexander County suit was barred by res judicata in that his first suit, filed in Sangamon County, was predicated on the same set of operative facts, was pursued against essentially the same people and entities, and resulted in an outcome that was adverse to Petitioner (Doc. 1, Ex. A). Again, Petitioner filed for leave to appeal with the Illinois Supreme Court; leave was denied (Doc. 11, Ex. N).

Thereafter, Petitioner filed for habeas relief with this Court pursuant to

**28 U.S.C. § 2254**. Petitioner asserts two grounds for habeas relief. First, Petitioner argues that because the defendants (now represented by Respondent herein) failed to raise the affirmative defense of res judicata during state circuit court proceedings, the Fifth District Appellate Court's decision affirming the dismissal based on res judicata grounds is contrary to federal law, United States Supreme Court precedent and Illinois Supreme Court precedent. Secondly, Petitioner argues that the revocation of over 17 years of his good conduct credits before he had received them violates his due process, asserting that Illinois law only allows for the revocation of credits already accumulated (*see* Doc. 15, p. 3). Because the R&R recommended denying habeas relief, Petitioner has objected to the recommended ruling.

### III. Discussion

**A.    § 2254 Review**

The Court's review of Petitioner's § 2254 Habeas Petition (Doc. 1) is governed by the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). **28 U.S.C. § 2254**. AEDPA permits a federal court to issue a writ of habeas corpus if the state court reached a decision on the merits of a claim, and that decision was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **Martin v. Grosshans, 424 F.3d 588, 590 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d))**. The

clauses "contrary to" and "unreasonable application" stated within § 2254 have independent meaning. **Bell v. Cone, 535 U.S. 685, 694 (2002) (citing Williams v. Taylor, 529 U.S. 362, 404-05 (2000));** *see also Washington v. Smith,* **219 F.3d 620, 628 (7th Cir. 2000) (also citing Williams)**. However, a federal court is not allowed to grant habeas relief to a state prisoner when a violation of state law is at issue. **Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993) (a federal court cannot reexamine state court determinations on state law questions in order to grant habeas relief) (citing Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Reed v. Clark, 984 F.2d 209, 210 (7th Cir. 1993))**.

For a state court's decision to be " 'contrary to . . . clearly established federal law as established by the United States Supreme Court,' " it must be " 'substantially different from relevant [Supreme Court] precedent.' " **Washington, 219 F.3d at 628 (citation omitted)**. Typically, this would involve the state court "appl[ying] a rule different from the governing law set forth in [cases of the United States Supreme Court], or if it decides a case differently than [the United States Supreme Court] on a set of materially indistinguishable facts." **Bell, 535 U.S. at 694 (citing Williams, 529 U.S. at 404-5)**. In order for a state court's decision to result in a decision that "involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," the decision must be "objectively unreasonable." **Id.** It is important to note that "an unreasonable application is different from an incorrect one" – meaning that a district

court is not allowed to merely substitute its own judgment as to what it believes is the correct outcome, absent a finding that the state court's decision was unreasonable. ***Id.*; *see also Washington*, 219 F.3d at 628**.

**B.     Analysis**

First, Petitioner objects to the factual finding in the R&R in which it states that he was convicted of murder. Petitioner asserts that he has never been charged with nor convicted of murder (Doc. 16, p. 1). Therefore, he asks the Court to correct this inaccurate statement. Looking at the record and also at the IDOC website listing Petitioner's inmate information, it appears Petitioner is correct in that he has no murder conviction in Illinois. Therefore, the Court sustains Petitioner's first objection and accordingly, vacates the portion of the R&R which incorrectly stated that was convicted for murder.

Second, Petitioner objects to the R&R's legal finding that it could not address the issue of whether the Illinois Appellate Court was correct in allowing the defendants to assert the defense of res judicata for the first time on appeal, because this is a question of state law, which is improper to address on habeas review. Petitioner contends that the state appellate court's opinion amounted to a violation of constitutional magnitude, citing federal court opinions for the proposition that affirmative defenses not raised in the lower court should be deemed waived and therefore, not applicable on appeal (Doc. 16, pp. 2-5).

As stated previously in this Order, in a habeas petition challenging a state court decision, the reviewing federal court can only grant relief if the petitioner

shows the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **28 U.S.C. § 2254(d)**. In this instance, the Court agrees with the R&R's finding that Petitioner has failed to show that the state appellate court's application of res judicata on appeal contravened federal law or was otherwise unconstitutional. The cases Petitioner cites do not serve to bolster his argument. While it is true that failure to raise an affirmative defense, such as res judicata, can result in its waiver pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 8(c)**, federal case law also provides exceptions which allow a court to apply the principles of res judicata *sua sponte*. **See, e.g., *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995) ("[W]aivers of res judicata need not always be accepted-that trial courts may in appropriate cases raise the res judicata bar on their own motion.");*Walker v. Thompson*, 288 F.3d 1005 1009-10 (7th Cir. 2002) ("It is true that when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) (finding that although preclusion is an affirmative defense that can be waived, it may be raised *sua sponte* by a court in the interest of judicial economy**). Thus, the Illinois appellate court's *sua sponte* application of res judicata appears to

have been consistent with certain exceptions illustrated by federal case law.

Petitioner's third objection involves the R&R's failure to characterize his habeas claim as a "federal constitutional claim," and for further finding that even if it did involve issues of constitutional magnitude, Petitioner had failed to fully exhaust the claim in state court (Doc. 16, pp. 5-10). In support, Petitioner cites the United States Supreme Court case, ***Sandin v. Conner*, 515 U.S. 472 (1995)**. In ***Sandin***, the Court found discussed the potential for state prison regulations to create liberty interests for which due process protections should be afforded. He further cites the Seventh Circuit opinion, ***Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997)**, which held that Indiana inmates had a protected liberty interest in their earned good time credits and thus, were entitled to procedural due process protections prior to having their credits rescinded.

In Illinois, IDOC inmates are statutorily entitled to receive good conduct credits. **730 ILL. COMP. STAT. 5/3-6-3**. As Petitioner suggests by his arguments and the cases cited in support, this statutory entitlement creates a liberty interest for which the inmate is afforded procedural safeguards under the due process clause of the Fourteenth Amendment. ***Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974))**. The United States Supreme Court has found that regarding inmate disciplinary proceedings, due process requires that an inmate receive (1) written notice of the claimed violation at least 24 hours in advance of the hearing; (2) the opportunity to call witnesses and

present documentary evidence supporting their defense, when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and the reason for the disciplinary action taken. *Wolff*, **418 U.S. at 564-66**.

Petitioner states that he does not challenge that the revocation of his good conduct credits was in violation of *Wolff*, which describes the minimum procedural due process an inmate should be afforded when faced with the deprivation of a liberty interest, such as good conduct credits (*see* Doc. 13, pp. 4-5). However, it appears Petitioner believes that this "liberty interest" entitles him to further due process protections than those outlined by the United States Supreme Court in *Wolff*. Petitioner contends that the revocation of his good conduct credits not yet "earned" was in violation of his due process rights, but neither sets forth an argument describing the additional procedural due process protections he believes he was entitled nor makes a compelling argument that he should be afforded certain substantive due process protections.[3] Moreover, the Court's own research does not reveal further due process entitlements. Further, Petitioner asserts that the language of the Illinois statutes does not allow IDOC to revoke his good conduct credits prospectively (*see* Doc. 1, pp. 6-11). Yet, this is a matter of state statutory interpretation, which is not properly reviewed pursuant to a habeas petition. The interpretation of state law are best deciphered by state courts. ***Horton v. Litscher***,

---

[3] The Court is not claiming that substantive due process applies to this particular case, it is merely making an observation regarding arguments Petitioner has chosen not to make.

**427 F.3d 498, 507 n.14 (7th Cir. 2005) ("[W]e may not disturb state court conclusions that are based on an interpretation of state law . . . .") (citing *Rice v. McCann*, 339 F.3d 546, 549 (7th Cir. 2003)); see also *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("[W]e have no authority to second-guess a ruling based on state law.") (citing *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)); *McCloud v. Deppisch*, 409 F.3d 869, 847-75 (7th Cir. 2005) (although habeas petition presented a federal question, it turned on issue of state legislative intent, which, interpreted by state appellate court, bound the federal court by its determination)**. Regardless of whether Petitioner fully exhausted his state court remedies as to this issue, the Court finds Petitioner has not made a compelling argument showing the due process protection to which he believes he is entitled, as he does not argue that he was deprived of the procedural due process protections outlined in *Wolff*. Therefore, the Court agrees with the recommendations of the R&R as to Petitioner's last objection.

Page 10 of 11

### IV. Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 15) over Petitioner's objections, with the exception of Petitioner's objection that the R&R incorrectly stated that he was convicted of murder, which the Court sustains, finding he has not been convicted of murder. Accordingly, the portion of the R&R stating that Petitioner was convicted of murder is hereby **VACATED**. However, this makes no difference to the resolution of this case and as such, Petitioner's § 2254 Habeas Petition (Doc. 1) is **DENIED**. Petitioner's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 22nd day of December, 2009.

/s/  *DavidRHerndon*

**Chief Judge**
**United States District Court**